NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jacques ALCIUS, | |
| Plaintiff, | Civ. No. 13-00716 |
| v. | OPINION |
| CITY OF TRENTON, ET AL., | |
| Defendants. | |

THOMPSON, U.S.D.J.

      This matter has come before the Court on two motions: (1) Defendant CFG Health Systems, LLC's ("CFG's") Motion to Dismiss for Failure to Serve an Affidavit of Merit with Certification of E-Filing and Service, (Doc. No. 19); and (2) Defendant Lolita Brown's, RN, ("Brown's") Motion to Dismiss for Failure to Serve an Affidavit of Merit Pursuant to N.J.S.A. 2A:53A-27, *et seq.*, (Doc. No. 20). The Court has decided the motions based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will grant both motions.

### BACKGROUND

      The underlying action stems from Plaintiff's October 19, 2012 Complaint in the Superior Court of New Jersey, asserting various Fourth and Fourteenth Amendment claims under 42 U.S.C. § 1983 against Brown, CFG, and various other Defendants. This matter was properly removed to the United States District Court of New Jersey on or about February 4, 2013.

      According to Plaintiff, Plaintiff was injured during his arrest and transport to the Mercer County Correctional Facility, and was consequently transferred to Capital Health System for treatment. (Doc. No. 1, Ex. A, ¶¶ 10, 17-19, 22-26). CFG and Brown were allegedly among

those responsible for Plaintiff's medical treatment while he was incarcerated. (Doc. No. 1, Ex. A, ¶¶ 51-55). In Count V of the Complaint, Plaintiff contends that CFG held itself out as duly licensed and capable to provide medical care to persons requiring medical treatment within the Mercer County Correctional Facility. (Doc. No. 1, Ex. A, ¶ 52). Plaintiff also contends that Brown held herself out to the public as being skilled, careful, and diligent in the practice of her profession as a nurse, but that she "failed to exercise the degree of care commonly exercised by other nurses in like cases; having regard to the existing state of knowledge in nursing." (Doc. No. 1, Ex. A, ¶¶ 52, 53, 55). Plaintiff alleges that as a result of CFG's and Brown's negligence in diagnosing and treating a large, open wound on his left thigh, he (1) has suffered intense and excruciating pain; (2) has suffered a serious infection to his blood and bone; (3) has had to undergo significant medical care and operation(s) and procedures to save his leg; and (4) has been permanently scarred and will permanently suffer pain in his leg for the rest of his life. (Doc. No. 1, Ex. A, ¶ 57).

On or about January 31, 2013, Brown filed an Answer in the Superior Court of New Jersey, Law Division, Mercer County. (Doc. No. 20, Att. 1, ¶ 3; Ex. A). In her Answer, Brown pleaded as a separate defense the failure to timely serve an Affidavit of Merit. (Doc. No. 20, Att. 1, ¶ 15). More than 120 days have passed since the filing of her initial Answer. During that time, Plaintiff has neither served Brown with an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27, *et seq.*, nor sought an extension of time in which to do so.

Just a few days after Brown's filing, on or about February 4, 2013, CFG, a wholly physician-owned and operated New Jersey organization that specializes in providing comprehensive medical and related health services to correctional facilities, filed its initial Answer. (Doc. No. 19, Att. 1, Ex. A). According to CFG, James R. Varrell, M.D., a licensed

professional, is the sole member of CFG.  (Doc. No. 19, Att. 1, Ex. A).  In it Separate Defenses,

Defendant CFG specifically pleaded both failure to state a claim and failure to serve an Affidavit

of Merit under N.J. S.A. 1A:53A-27.  (Doc. No. 19, Att. 1, Ex. A).  More than 120 days have

passed since the filing of CFG's initial answer and during that time, Plaintiff has neither served

CFG with an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-27, *et seq.*, nor sought an extension

in which to do so.

Brown and CFG have separately moved for an Order dismissing Plaintiff's claims of

medical negligence against them, including all cross-claims that may be raised therefrom, due to

Plaintiff's failure to serve an appropriate Affidavit of Merit within the statutorily designated 60-

day time period running from the date an answer is filed, with the possibility of one 60-day

extension.[1]  (Doc. Nos. 19, 20).  The motions are unopposed.

DISCUSSION

**1.  Legal Standard**

In New Jersey, plaintiffs asserting a malpractice claim must "make a threshold showing

that their claim is meritorious, in order that meritless lawsuits [may] be identified at an early

state of litigation."  *Fink v. Ritner*, 318 F. Supp. 2d 225, 228 (D.N.J. 2004) (quoting *Fink v.

Thompson*, 167 N.J. 551 (2001) (internal quotations omitted)).  This threshold requirement is

enshrined in the New Jersey "Affidavit of Merit Statute," N.J.S.A. 2A:53A-26, *et seq.*, which

provides in relevant part that:

---

[1] The 60-day period for Plaintiff to serve an Affidavit of Merit after the filing of Brown's
Answer expired on April 1, 2013.  Although Plaintiff did not seek a 60-day extension for service
of the Affidavit, said extension would have expired on May 31, 2013.

The 60-day period to serve an Affidavit of Merit after the filing of CFG's Answer expired on
April 5, 2013.  Plaintiff did not seek a 60-day extension for service of the Affidavit of Merit as
provided for in the statute, which extension would have expired on June 4, 2013.

In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.  The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. 2A:53A-27.

In analyzing the applicability of the statute, the Court must first ensure that a defendant is, in fact, a licensed person for the purposes of the statute.  In the medical field, "licensed persons" include, *inter alia*, "a physician in the practice of medicine" and "health care facilities" such as hospitals.  N.J.S.A. 2A:53A-26(f), (j).  "[I]t has been inferred that 'a business organization whose leadership is composed of 'licensed persons' within the meaning of [section] 2A:53A-26 is also considered a 'licensed person'" in this context.  *Fink v. Ritner*, 318 F. Supp. 2d at 228.

Once the Court has established that the defendant is, in fact, a licensed person, the Court must then determine:

(1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of injury); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint fell outside acceptable professional or occupational standards or treatment practices" (standard of care).

*Fink v. Ritner*, 318 F. Supp. 2d at 228-29 (quoting *Couri v. Gardner,* 801 A.2d 1134, 1137-38 (2002)).

Should a plaintiff fail to produce an affidavit where its issuance is required, such failure "shall be deemed a failure to state a cause of action," N.J.S.A. 2A:53A-29 (emphasis added), and

"will result in dismissal with prejudice . . . unless an exception applies." *Fink v. Ritner*, 318 F. Supp. 2d at 228 (internal citations omitted).

### 2. Analysis

Here, both CFG and Brown appear to be licensed medical professionals under the standards elaborated above. Moreover, the action is for damages for personal injuries, and the relevant count involves medical malpractice wherein treatment failed to meet the standard of care. As such, Plaintiff should have provided CFG and Brown with an Affidavit of Merit within 60 or 120 days of the filing of their respective Answers. Given that Plaintiff has not done so, Plaintiff has failed to state a cause of action with respect to the malpractice claims against CFG and Brown unless an exception to the statute applies.

The exceptions to dismissal for failure to serve an Affidavit of Merit include: (1) extraordinary circumstances, *Chamberlain v. Giampampa*, 210 F.3d 154, 162 (3d Cir. 2000); and (2) the doctrine of substantial compliance, *Newell v. Ruiz*, 286 F.3d 166, 169 (3d Cir. 2002).

In determining whether the extraordinary circumstances exception applies, the Court must engage in a fact-sensitive analysis to determine whether the circumstances leading to the failure are "exceptional and compelling," and to ensure that the circumstances "did not arise from an attorney's mere carelessness or lack of proper diligence." *Chamberlain v. Giampapa*, 210 F.3d at 162 (quoting *Hartsfield v. Fantini*, 149 N.J. 611 (1997)) (internal quotations omitted).

Under the doctrine of substantial compliance, "'if reasonable effectuation of the statute's purpose has occurred,' the Affidavit of Merit Statute does not require strict compliance." *Newell*, 286 F.3d at 169 (quoting *Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341 (2001)). Again, the relevant inquiry is fact-sensitive, based upon whether there has been, *inter alia*, "a series of

steps taken to comply with the statute involved," "a general compliance with the purpose of the statute," or "a reasonable explanation [as to] why there was not strict compliance." *Newell*, 286 F.3d at 169.

Here, Plaintiff has failed to file any opposition to either of the present motions to dismiss. Moreover, the Court does not see any indication on the Docket that Plaintiff has moved to comply with the statute or provided any explanation as to his delay.  Thus, the Court cannot find that either exception to the statute applies.

CONCLUSION

For the foregoing reasons, CFG's and Brown's motions to dismiss for failure to serve an Affidavit of Merit, (Doc. Nos. 19, 20), are granted.  An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson_____
ANNE E. THOMPSON, U.S.D.J.

Date: ___August 12, 2013_____