NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Jacques ALCIUS,

Plaintiff,

v.

CITY OF TRENTON, ET AL.,

Defendants.

Civ. No. 13-00716

OPINION

THOMPSON, U.S.D.J.

This matter has come before the Court on the Motion for Summary Judgment of Defendants Capital Health System and Yoganand Deendyal, M.D. ("Dr. Deendyal"), (collectively, "Defendants"). (Doc. No. 21). The motion is unopposed. The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will grant Defendants' motion.

BACKGROUND

This action was initiated by Plaintiff Jacques Alcius ("Plaintiff") upon the October 19, 2012 filing of a complaint in the Superior Court of New Jersey. (Doc. No. 1). In his complaint, Plaintiff asserts various Fourth and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983 against Capital Health System, Dr. Deendyal, and various other Defendants. (Doc. No. 1). Specifically, Plaintiff alleges that he was injured by police during the execution of a search warrant at his home on October 13, 2010. (Doc. No. 21, Att. 1, Statement of Material Facts, ("SMF"), ¶ 4). The incident led to an open wound on Plaintiff's thigh, later treated by Mr. Deendyal at Capital Health System – Fuld Campus. (Doc. No. 21, Att. 1, SMF, ¶¶ 5-6). The

1

complaint alleges that Dr. Deendyal failed to appropriately treat Plaintiff's thigh wound, causing Plaintiff to develop an infection. (Doc. No. 21, Att. 1, SMF, ¶ 7). In early February 2013, this matter was removed to the United States District Court of New Jersey. (Doc. No. 21, Att. 1, SMF, ¶ 2).

To date, more than 120 days have elapsed since the March 20, 2013 filing of Defendants' answers. (Doc. No. 21, Att. 1, SMF, ¶ 10; Doc. Nos. 6, 7). In that time, Plaintiff has neither provided Defendants with an Affidavit of Merit pursuant to New Jersey Statute 2A:53A-27, *et seq.*, nor sought an extension in which to do so. (Doc. No. 21, Att. 1, SMF, ¶ 10). Because such failure constitutes a failure to state a claim for which relief can be granted, Defendants have moved for summary judgment. (Doc. No. 21). Their motion is unopposed.

## DISCUSSION

### 1. Legal Standard

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). Summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986). The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

In New Jersey, plaintiffs asserting a malpractice claim must "make a threshold showing that their claim is meritorious, in order that meritless lawsuits [may] be identified at an early state of litigation." *Fink v. Ritner*, 318 F. Supp. 2d 225, 228 (D.N.J. 2004) (quoting *Fink v. Thompson*, 167 N.J. 551 (2001)) (internal quotations omitted). This threshold requirement is enshrined in the New Jersey "Affidavit of Merit Statute," N.J.S.A. 2A:53A-26, *et seq.*, which provides that:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. 2A:53A-27.

In analyzing the applicability of the statute, the Court must first ensure that a defendant is, in fact, a licensed person for the purposes of the statute. In the medical field, "licensed persons" include, *inter alia*, "a physician in the practice of medicine" and "health care facilities" such as hospitals. N.J.S.A. 2A:53A-26(f), (j). "[I]t has been inferred that 'a business organization whose leadership is composed of 'licensed persons' within the meaning of [section] 2A:53A-26 is also considered a 'licensed person'" in this context. *Fink*, 318 F. Supp. 2d at 228.

Once the Court has established that the defendant is, in fact, a licensed person, the Court must then determine:

> (1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of injury); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint fell outside acceptable professional or occupational standards or treatment practices" (standard of care).

*Fink*, 318 F. Supp. 2d at 228-29 (quoting *Couri v. Gardner,* 801 A.2d 1134, 1137-38 (2002)).

Should a plaintiff fail to produce an affidavit where its issuance is required, such failure "shall be deemed a failure to state a cause of action," N.J.S.A. 2A:53A-29 (emphasis added), and "will result in dismissal with prejudice . . . unless an exception applies," *Fink*, 318 F. Supp. 2d at 228 (internal citations omitted).

### 2. Analysis

Here, both Capital Health System and Dr. Deendyal appear to be licensed medical professionals under the standards elaborated above. Moreover, the action is for damages for personal injuries, and the relevant claims involve medical malpractice wherein treatment failed to meet the standard of care. As such, Plaintiff should have provided Capital Health System and Dr. Deendyal with an Affidavit of Merit within 60 or 120 days of the filing of their respective answers. (Doc. Nos. 6, 7, filed on March 20, 2012). Given that Plaintiff has not done so, the Court concludes that Plaintiff has failed to state a cause of action with respect to the malpractice claim, unless, as discussed below, an exception to the statute applies.

The exceptions to dismissal for failure to serve an Affidavit of Merit include: (1) extraordinary circumstances, *Chamberlain v. Giampampa*, 210 F.3d 154, 162 (3d Cir. 2000); and (2) the doctrine of substantial compliance, *Newell v. Ruiz*, 286 F.3d 166, 169 (3d Cir. 2002).

In determining whether the extraordinary circumstances exception applies, the Court must engage in a fact-sensitive analysis to determine whether the circumstances leading to the failure are "exceptional and compelling," and to ensure that the circumstances "did not arise from an attorney's mere carelessness or lack of proper diligence." *Chamberlain*, 210 F.3d at 162 (quoting *Hartsfield v. Fantini*, 149 N.J. 611 (1997)) (internal quotations omitted).

4

Under the doctrine of substantial compliance, "'if reasonable effectuation of the statute's purpose has occurred,' the Affidavit of Merit Statute does not require strict compliance." *Newell*, 286 F.3d at 169 (quoting *Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341 (2001)).  Again, the relevant inquiry is fact-sensitive, based upon whether there has been, *inter alia*, "a series of steps taken to comply with the statute involved," "a general compliance with the purpose of the statute," or "a reasonable explanation [as to] why there was not strict compliance." *Newell*, 286 F.3d at 169.

Here, Plaintiff has failed to file any opposition to the present motion for summary judgment.  Moreover, the Court does not see any indication on the Docket that Plaintiff has moved to comply with the statute or provided any explanation as to his delay.  Indeed, Defendants assert, uncontested, that Plaintiff's counsel at a June 2013 case management conference admitted to a failure to comply with the relevant statutory provisions.  (Doc. No. 21, Att. 1, SMF, ¶ 9).  Thus, the Court cannot find that either exception to the statute applies.

## CONCLUSION

For the foregoing reasons, Capital Health System's and Dr. Deendyal's Motion for Summary Judgment, (Doc. No. 21), is granted.  An appropriate Order accompanies this Opinion.

/s/Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Date: ___August 19, 2013_____

5