NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

Jacques ALCIUS,

Plaintiff,

v.

CITY OF TRENTON, et al.,

Defendants.

Civ. No. 13-716

**OPINION**

THOMPSON, U.S.D.J.

The present matter comes before the Court upon the Motion of Defendants County of Mercer, Mercer County Correction Center,[1] and Warden Charles Ellis (collectively, "County Defendants") for Summary Judgment. (Doc. No. 35). Plaintiff has not opposed the Motion for Summary Judgment. The Court has issued the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, County Defendants' Motion for Summary Judgment will be granted.

BACKGROUND

The Motion for Summary Judgment concerns allegations that County Defendants violated Plaintiff's constitutional rights by denying him proper medical care while he was being held at the Mercer County Corrections Center ("MCCC").

Plaintiff alleges that, during the execution of a search warrant on October 13, 2010, "officers from the Trenton Police Department used excessive force" against Plaintiff. (Doc. No. 1 at paras. 9–18). After the incident, Plaintiff was transported to MCCC. (*Id*. at para. 18).

---

[1] Listed in the Complaint as "Mercer County Correction Facility."

1

Plaintiff was examined by a nurse at MCCC who discovered an injury to Plaintiff's left thigh. (*Id*. at para 19). Pursuant to an internal MCCC policy that prohibited admission of inmates with certain injuries, Plaintiff was denied admission to MCCC and transferred to Capital Health Systems for treatment. (Doc. No. 36, Ex. C). Plaintiff was deemed "medically stable for incarceration" two days later, on October 15, 2010. (*Id*.).

On that same day, Plaintiff returned to MCCC and received another evaluation and a tuberculosis test. (Doc. No. 36, Ex. D. at para. 3). On October 17, 2010, the tuberculosis test indicated a positive result. (*Id*. at para. 13). Plaintiff received follow-up treatment for the tuberculosis diagnosis and for his physical injuries. (*Id*. at para. 17). On October 22, 2010, Plaintiff was released from MCCC. (Doc. No. 35 at 10). Throughout his incarceration at MCCC, Plaintiff was offered medical care and his prescribed medications by MCCC staff. (Doc. No. 36 at 10; Doc. No. 36, Certification of Grimes, at para. 20).

On October 10, 2012, Plaintiff filed this action against County Defendants and several other parties. The Complaint alleged, among other things, that County Defendants did not give Plaintiff proper medical care. (Doc. No. 1). On July 30, 2014, County Defendants moved for summary judgment. (Doc. No. 35). Plaintiff has not opposed County Defendants' Motion for Summary Judgment, nor has Plaintiff filed a response to Defendants' Statement of Material Facts.

DISCUSSION

a. *Legal Standard for Summary Judgment Motion*

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law

[. . .]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.*  When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307 n.2 (3d Cir. 1983).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).  The non-movant's burden is rigorous: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatte v. N.J. State Police,* 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg,* 594 F.3d 210, 227 (3d Cir. 2010) (citations omitted) ("[S]peculation and conjecture may not defeat summary judgment.").

      b. *Analysis*

      Claims under 42 U.S.C. Section 1983 for denial of medical care are evaluated under different standards depending on whether, at the time of the alleged violation, plaintiff was a convicted prisoner serving his sentence or a "pretrial detainee." *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

      A convicted prisoner bringing a claim for denial of reasonable medical care under 42 U.S.C. Section 1983 must demonstrate "acts or omissions sufficiently harmful to evidence

3

deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (evaluating prisoner claims under the Eighth Amendment). "[C]laims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *Estelle*, 429 U.S. at 105 ("[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'"). "Deliberate indifference, therefore, requires obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse*, 182 F.3d at 197 (internal citations and quotations omitted). Courts "will generally not find deliberate indifference when some level of medical care has been offered to the inmate." *Christy v. Robinson*, 216 F. Supp. 2d 398, 413–14 (D.N.J. 2002).

In contrast, when the plaintiff is a pretrial detainee, the protections afforded to him are "at least as great as the [] protections available to a convicted prisoner." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (citations omitted); *see also Inmates of Allegheny Cnty. Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir. 1979) (holding that "at a minimum the 'deliberate indifference' standard of *Estelle v. Gamble,* must be met"). When the plaintiff is a pretrial detainee, the issue is whether the denial of medical care was "imposed for the purpose of punishment or whether it [was] but an incident of some other legitimate governmental purpose." *Bell,* 441 U.S. at 538 (evaluating pretrial detainee claims under the Fourteenth Amendment).

Here, Defendants seemingly argue that Plaintiff is a prisoner and contend that Plaintiff's claims should be evaluated under the "convicted prisoner" standard set forth in *Estelle*. However, Defendants have not properly shown or alleged that Plaintiff was a convicted prisoner serving a sentence.  (*See* Doc. No. 1) (Plaintiff entered the facility immediately after arrest).

Therefore, for the purposes of this motion only, the Court will assume that Plaintiff was a pretrial detainee and, therefore, entitled to protections that are at least as great as those afforded to a convicted prisoner. *See Navolio v. Lawrence Cnty.*, 406 F. App'x 619, 622 (3d Cir. 2011) (pretrial detainees receive protections that are "at least as great" as those received by a convicted prisoner).

In their Motion for Summary Judgment, County Defendants point to specific portions of the record that appear to support their argument that Plaintiff was not denied medical care. Specifically, County Defendants identified portions of the record that tend to show the following: (1) Plaintiff received an examination upon entering the facility; (2) Plaintiff was given medical treatment for all of his known injuries and illnesses as soon as they were detected; and (3) Plaintiff was offered his prescribed medication. Plaintiff has not opposed this Motion for Summary Judgment.[2] Plaintiff has also not submitted any filing that points to specific parts of the record that create an issue of material fact with respect to whether County Defendants denied Plaintiff proper medical care or the extent to which any alleged denial was done for the purposes of punishment.[3]

For the reasons set forth above, there are no genuine issues of material fact and Defendants have shown that they are entitled to prevail as a matter of law. *See Anderson,* 477 U.S. at 250 ("when a properly supported motion for summary judgment [has been] made, the

---

[2] "Even though Rule 56(e) requires a non-moving party to 'set forth specific facts showing that there is a genuine issue for trial,' it is 'well-settled . . . that this does not mean that a moving party is automatically entitled to summary judgment if the opposing party does not respond.'" *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990).

[3] Plaintiff has also failed to show any genuine issue of material fact with respect to deliberate indifference.

5

adverse party 'must set forth specific facts showing that there is a genuine issue for trial'"). Accordingly, County Defendants' Motion for Summary Judgment will be granted.

## CONCLUSION

For the reasons set forth above, County Defendants' Motion for Summary Judgment will be granted. Judgment will be entered in County Defendants' favor and against Plaintiff.

/s/ Anne E. Thompson<br>ANNE E. THOMPSON, U.S.D.J.