NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jacques ALCIUS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF TRENTON, et al., <br><br> Defendants. | Civ. No. 13-716 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

      The present matter comes before the Court upon the Motion of Plaintiff Jacques Alcius ("Plaintiff") for Leave to Amend the Complaint to include four additional defendants.[1] (Doc. No. 33). The Court has issued the Opinion below based upon the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Plaintiff's Motion for Leave to Amend the Complaint will be denied.

### BACKGROUND

      Plaintiff's action involves claims of excessive force during the execution of a search warrant and arrest.

      Plaintiff alleges that, during the execution of a search warrant on October 13, 2010, "officers from the Trenton Police Department used excessive force [against Plaintiff] . . . causing serious injuries." (Doc. No. 1 at paras. 9–18). On October 10, 2012, Plaintiff filed this Section 1983 action against Defendants in Mercer County Superior Court. (Doc. No. 1). The case was subsequently removed to federal court on February 5, 2013. (*Id*.). When Plaintiff filed the

---

[1] Plaintiff's Complaint included fictitious John/Jane Doe Defendants A through L. Plaintiff seeks leave to amend the Complaint to replace the fictitious John/Jane Doe Defendants A through L with the following named Defendants: Eliezer Ramos, David Ordille, Matthew Bledsoe, and Aaron Bernstein. (Doc. No. 33 at 2).

Complaint, he was seemingly unaware of the identities of all the Trenton Police Department officers who allegedly used excessive force against him. (Doc. No. 33 at 1). After subsequent discovery and depositions of the Trenton Police Department, Plaintiff learned the identities of four additional officers involved in the incident and seeks to substitute these officers for the fictitious Defendants in the Complaint. (Doc. No. 33 at 2).

## DISCUSSION

Defendants oppose Plaintiff's Motion for Leave to Amend the Complaint on the grounds that the amendment is barred by the statute of limitations and does not relate back to the date of the original Complaint.

### I.   *Legal Standard for a Motion for Leave to Amend the Complaint*

Under Fed. R. Civ. P. 15(a), leave to amend a pleading is generally freely granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, an amendment filed after the statute of limitations has expired is barred unless the amendment relates back to the date of the original pleading. Fed. R. Civ. P. 15(c)(1) permits an amendment to relate back to the date of the original pleading if:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii)  knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

II.   *Analysis*

In his Motion for Leave to Amend the Complaint, Plaintiff seeks to replace the fictitious names in the original Complaint with the names of specific Trenton police officers after the applicable statute of limitations has expired.  Thus, Plaintiff's amendment is time barred unless he satisfies the requirements of either Rule 15(c)(1)(A) or Rule 15(c)(1)(C) for relation back of amendments.[2]  *See Padilla v. Twp of Cherry Hill*, 110 F. App'x 272, 276–78 (3d Cir. 2004).

a.   Relation back under Rule 15(c)(1)(A)

When analyzing a motion to amend under Fed. R. Civ. P. 15(c)(1)(A), courts must look to the law that provides the applicable statute of limitations.  Here, Plaintiff has asserted a 42 U.S.C. Section 1983 claim.  For such claims, the statute of limitations is determined by reference to state personal injury law.  *McGill v. John Does A-Z*, 541 F. App'x 225 (3d Cir. 2013) (stating that the statute of limitations for Section 1983 claims is taken from the forum state's personal injury statute); *Padilla*, 110 F. App'x at 272.  In New Jersey, the statute of limitations for personal injury claims is two years, N.J.S.A. 2A:14–2, accruing "when the plaintiff knew or should have known of the injury upon which its action is based."  *McGill*, 541 F. App'x at 227 (citations omitted).

If the statute of limitations has expired, New Jersey's fictitious party rule, N.J.R. 4:26–4, allows amended complaints to relate back to the date of the original complaint where the plaintiff named fictitious, unknown defendants in the original complaint and later seeks to amend the complaint by substituting specific, named defendants in place of the fictitious defendants.[3]  To

---

[2] Satisfaction of Rule 15(c)(1)(B) is a requirement of Rule 15(c)(1)(C).

[3] New Jersey's general relation back rule, N.J.R. 4:9–3, does not apply here because it applies only "when the initial complaint did not contemplate the need for such an amendment . . . such as where there was a mistake as to the identity of the proper party."  *See McGill*, 541 F. App'x at 227–28 (citations omitted).  Here, Plaintiff's original Complaint against fictitious John/Jane Does establishes a need for a later amendment.  Thus, the fictitious party rule, not N.J.R. 4:9–3, is the applicable rule under which the amendment should be analyzed.  *See id.*

3

invoke the fictitious party rule, the plaintiff must show that he or she "exercised due diligence to ascertain defendant's true name before and after filing the complaint." *Monaco v. City of Camden*, 366 F. App'x 330, 334 (3d Cir. 2010) (quoting *DeRienzo v. Harvard Indus.*, 357 F.3d 348, 353 (3d Cir. 2004)).

Here, Plaintiff's injuries were sustained on October 13, 2010; thus, the two-year statute of limitations expired on October 13, 2012. When the May 21, 2013 scheduling order expired on July 31, 2013, Plaintiff did not seek additional time to add new parties. (Doc. No. 13 at 1). Plaintiff did not take depositions of any Defendants until March 31, 2014 and did not seek to amend the Complaint until July 25, 2014, nearly four years after the date of injury. (Doc. No. 39 at 3; Doc. No. 33). For these reasons, Plaintiff has not shown due diligence required under N.J.R. 4:26–4. Thus, the Amended Complaint cannot relate back to the date of the original Complaint under Fed. R. Civ. P. 15(c)(1)(A).

b. Relation back under Rule 15(c)(1)(C)

Fed. R. Civ. P. 15(c)(1)(C) permits an amendment to a complaint to relate back to the date of the original complaint if: (1) the amendment changes the name of the defendant; (2) the claim asserted in the amended pleading arises from the same conduct alleged in the original complaint; (3) the newly named defendant had notice of the action so as not to be prejudiced in its defense; (4) the newly named defendant knew or should have known that the plaintiff's action would be brought against him but for the plaintiff's mistake; and (5) the newly named defendant had notice under requirements (3) and (4) within the 120 day period for service of process.

Here, Defendants assert two reasons why Plaintiff's Motion to Amend the Complaint should be denied. First, Defendants claim that the four Trenton officers whom Plaintiff seeks to add to the Complaint did not have notice of the action as required by Rule 15(c)(1)(C)(i). (Doc.

No. 39 at 6, 10).  Second, Defendants argue that there is no evidence of any mistake by Plaintiff such that the newly added Defendants knew or should have known of an action against them as required by Rule 15(c)(1)(C)(ii).  (*Id.* at 6).  Plaintiff has not responded to either of Defendants' claims, nor has Plaintiff made any assertion that the requirements of Rule 15(c)(1)(C) have been satisfied.  Thus, the Amended Complaint cannot relate back to the date of the original Complaint under Rule 15(c)(1)(C).

Plaintiff has failed to satisfy the requirements of Fed. R. Civ. P. 15(c)(1)(A) and Fed. R. Civ. P. 15(c)(1)(C) governing the relation back of amendments.  Therefore, Plaintiff's amendment to the Complaint is untimely and barred by the statute of limitations.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Amend the Complaint is denied.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.