NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUES ALCIUS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF TRENTON, et al.,<br><br>Defendants. | Civ. No. 13-716<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon two Motions for Summary Judgment, one by the "City of Trenton Defendants" (City of Trenton, City of Trenton Police Department, and City of Trenton Police Director), and the other by the remaining "individual officer Defendants" (Zappley, Ponticello, DeHart, Flowers, Wyszynski, Ortiz, Dintale, and Medina). (Doc. Nos. 48, 50). Plaintiff Jacques Alcius opposes. (Doc. No. 54). The Court held oral arguments on the motions on April 15 and 16 of 2015. (Doc. Nos. 57, 58). For the reasons stated herein, both Motions for Summary Judgment by Defendants will be granted.

BACKGROUND

This case involves 42 U.S.C. § 1983 claims of excessive force, deliberate indifference to medical needs, failure to train or supervise, and municipal policy/practice liability arising out of an October 13, 2010 execution of a search warrant and arrest of Plaintiff in his home by officers of the Trenton Police Department. Plaintiff alleges that he was unlawfully thrown to the ground and kicked by officers during the arrest, which caused a pre-existing wound on his left thigh to re-open. Upon being transported to the Trenton Police Station, Plaintiff claims that his wound

1

was leaking clear fluid, and he asked for medical care from officers but was repeatedly denied. Plaintiff remained in custody overnight before being transported to the Mercer County Correctional Facility ("MCC"), which refused to admit him due to his injury. Instead, Plaintiff was taken to Capital Health System and then subsequently admitted to MCC, where he continued to request medical treatment because "the oozing, clear liquid leaking from his wound had drenched his clothing" and "fellow inmates began complaining of the stench emanating from the Plaintiff's wound." (Doc. No. 1 at ¶¶ 23-24). MCC's medical services changed the dressing on his leg and gave him antibiotics. When Plaintiff made bail and was released after 10 days, he immediately sought emergency medical treatment, spent days in the hospital, and underwent surgeries to treat the open leg wound. On October 19, 2012 Plaintiff filed this action in Mercer County Superior Court, which was removed to federal court on February 5, 2013. (Doc. No. 1).

## DISCUSSION

A. Legal Standard

Summary judgment is appropriate only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id*. All reasonable "inferences, doubts, and issues of credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n. 2 (3d Cir. 1983). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the

2

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, "when a properly supported motion for summary judgment [has been] made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250.  The non-movant's burden is rigorous: it "must point to concrete evidence in the record;" mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatte v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg*, 594 F.3d 210, 227 (3d Cir. 2010).

  B. Analysis

Liability under 42 U.S.C. § 1983 cannot be based on respondeat superior; instead every defendant must have personal involvement in the alleged wrongs. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014).  In addition to direct participation, "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence" in the constitutional violation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988).  For a municipality to be liable under § 1983, the plaintiff must demonstrate that the constitutional violation was caused by the municipality's policy or custom. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (defining policy and custom); *Barkes*, 766 F.3d at 316 (failure to train or supervise is a subcategory of policy or practice liability); *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (identifying three situations where acts of an official are deemed to be the result of a government entity's policy or custom such that § 1983 liability attaches to the entity: (1) where an act is an implementation of a "generally applicable statement of policy;" (2) where an entity's policymaker violates a federal law despite the absence of a policy; and (3) where an entity's policymaker failed to act despite an obvious need for a policy or an obvious inadequacy of existing practice).

Here, at oral arguments on April 15, 2015 Plaintiff conceded that the actual officers who allegedly kicked Plaintiff have not been identified.  Plaintiff readily admitted that all of the individual officers besides Zappley should be dismissed from the case because discovery revealed no evidence to support their personal involvement in the alleged assault.  However, even with respect to Zappley, who was the commanding officer at the scene, Plaintiff has not identified anything in the record sufficient to create a genuine dispute of material fact as to Zappley's knowledge of and acquiescence in any alleged kicking.  Indeed, Plaintiff's own deposition testimony contradicts any personal involvement by Zappley: Plaintiff claims that he was kicked by the first two officers who entered the home, but Plaintiff admits that Zappley seems to have entered the house later.  (Doc. No. 50, Ex. B at 90–98; Doc. Nos. 57, 58).  Therefore, summary judgment will be granted for all individual officer Defendants.

Furthermore, Plaintiff has failed to identify any widespread policy, practice, custom or lack thereof that may be the "moving force" behind any constitutional violation.  *See Thomas*, 749 F.3d at 222 ("Liability is imposed when the policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the moving force behind the constitutional tort of one of its employees.") (internal citations omitted).  Nor has Plaintiff been able to attribute any constitutional tort to any "policymaker" of the City of Trenton or the City of Trenton Police Department.  Therefore, summary judgment will be granted for the City of Trenton Defendants.

## CONCLUSION

For the reasons above, both of Defendants' Motions for Summary Judgment will be granted.  An appropriate Order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

4